```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ENRIQUE PEREZ, et al.,,

                        Plaintiffs,                ORDER
                                                   CV 10-4453 (DRH)(ARL)
         -against-

G & P AUTO WASH, INC., et al.,

                        Defendants.
----------------------------------------------------------------X
```

**LINDSAY, Magistrate Judge:**

Before the court is plaintiffs' letter application dated May 30, 2012 seeking a pre-motion conference[1] in order to move to reopen discovery to allow a deposition of a newly discovered witness and to amend the PreTrial Order.[2] Defendants oppose the application. "A party seeking to reopen discovery bears the burden of establishing good cause and discovery should not be extended when there was ample opportunity to pursue the evidence during discovery." *Spencer v. International Shoppes, Inc.*, No. CV 06-2637 (AKT), 2011 WL 3625582, at *1 (E.D.N.Y. Aug. 16, 2011). In considering a request to reopen discovery, courts examine "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." *Id.*

In this case, discovery closed on November 7, 2011, the parties having had several extensions of the discovery deadline granted, and the deadline for dispositive motion practice is long passed, with a summary judgment motion currently pending before the district court. Although plaintiffs aver that the newly discovered witness, Vanessa Batiste, a cashier for multiple years for defendants, is important because she is a witness with alleged firsthand knowledge of the timekeeping and payroll system defendants employed, it is reasonable to conclude that the need for Ms.Batiste as a witness was foreseeable as early as the date this action was filed or in the short term thereafter. Except for the statement that Ms. Batiste had contacted plaintiffs' firm and expressed an interest in participating in this action, plaintiffs offer no substantive reason why they could not have engaged in the discovery they now seek before the close of discovery. *See Durakovic v. Bldg. Serv. 32B-J Pension Fund*, 642 F. Supp. 2d. 146, 155 (E.D.N.Y. 2009)

---

[1] On June 26, 2012, the undersigned held a status conference in this matter and advised the plaintiffs that to the extent they seek to amend their Rule 56.1 Statement, such application must be directed to the district court.

[2] By Order dated May 31, 2012, the district court referred plaintiffs' application to the undersigned. *Order*, dated May 31, 2012 (District Judge Hurley).

(denying motion to reopen discovery where moving party "offers no reason why she could not have engaged in the discovery she now seeks before the close of discovery"); *Gotlin v,. Lederman*, 04-CV-3736, 2009 WL 2843380, at *6 (E.D.N.Y. Sept. 1, 2009) ("absent a sufficient justification for the movant's delay, the Court should decline to grant an application to reopen discovery"). Moreover, as plaintiff concedes that other witnesses have provided payroll and tip information similar to that proposed for Ms. Batiste, her testimony would be duplicative. In view of these circumstances, plaintiffs have failed to establish good cause. Plaintiffs had ample time during the normal course of discovery to locate and depose Ms. Batiste. Accordingly, plaintiffs' application for a premotion conference in order to permit a deposition of Ms. Batiste is denied.

With respect to plaintiffs' application for a premotion conference for leave to amend the Pre Trial Order in order to remove Paragraphs 4 through 8 from the Stipulations of Facts set forth in the Joint Pre Trial Order that was filed and accepted on April 19, 2012, plaintiffs provide no basis for undoing the stipulated set of facts. In determining whether to amend or modify a pretrial order, courts consider such factors as: "(1) the prejudice or surprise in fact to the opposing party; (2) the ability of the party to cure the prejudice; (3) the extent of the disruption of the orderly and efficient trial of the case; (4) the bad faith or willfulness of the non-compliant party[;] and (5) the prejudice to the party seeking amendment or modification of the order . . . , as the trial court should not refuse to modify a pre-trial order where manifest injustice will result." *Potthast v. Metro-North Railroad Co.,* 400 F.3d 143, 153 (2d Cir. 2005) (internal quotation marks and citations omitted). "A final pre-trial order is not to be changed lightly . . . [and] [t]hat which is not alleged in the Pre-Trial Order is generally deemed waived." *Vogelfang v. Riverhead County Jail*, No. 04-CV-1727 (SJF)(AKT), 2012 WL 1450560, at *11 (E.D.N.Y. Apr. 19, 2012).

Here, plaintiffs state that the proposed Joint Pre Trial Order was exchanged numerous times between the parties prior to filing of the document, and inadvertently, plaintiffs' counsel had overlooked additions made by defense counsel to Paragraphs 4 through 8 of the Stipulations of Facts. The documents were exchanged numerous times, and plaintiffs' counsel was shown a copy of the final draft immediately prior to its filing and consented to its contents. In addition, the court extended the time in which to file the proposed joint pretrial order. Significantly, the statements of facts stipulated in Paragraph 8 of the Joint Pre Trial Order has been inserted in Defendants' Rule 56.1 Statement and were not refuted by plaintiffs. The defendants' fully briefed summary judgment motion is *sub judice* before Judge Hurley. The prejudice to the defendants in allowing the plaintiffs to withdraw stipulated facts at this late date is thus clear and such withdrawal would disrupt the efficient disposition of this case. Accordingly, the plaintiff's request to amend the Pre-Trial Order is denied.

Dated: Central Islip, New York
       June 27, 2012

SO ORDERED:

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge